# Exhibit A

# McDermott
# Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Milan
Munich New York Orange County Rome San Diego Silicon Valley Washington, D.C.

David F. Wentzel
Attorney at Law
dwentzel@mwe.com
312.984.7789

June 13, 2005

VIA FACSIMILE AND U.S. MAIL

Mr. Matthew D. Slater, Esq.
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006

Re:   The NutraSweet Company v. Ajinomoto Co., Inc., Case No. 1:05-CV-00318-SLR

Dear Mr. Slater:

The purpose of this letter is to follow up on our discussions last week regarding Ajinomoto's response in the above-referenced action. You stated during our telephone call that Ajinomoto intends to file a motion to dismiss NutraSweet's complaint because you contend that it does not present a sufficient case or controversy. If this is Ajinomoto's position, then I believe that we may be able to save both of our clients a great deal of expense and effort litigating the merits of your proposed motion.

As you are aware, the complaint acknowledges that under Section 2.3 of the Release and License Agreement dated May 25, 2000 ("License Agreement"), NutraSweet is not permitted to use the licenses granted under the License Agreement to export Aspartame manufactured "under the Patents and Know-How" to the Excluded Territory. NutraSweet recently acquired certain assets located in Korea, including a process used to manufacture Aspartame (the "Daesang Process"), which NutraSweet contends does not use the "Patents and Know-How." NutraSweet has accepted a purchase order for Aspartame issued by one of NutraSweet's customers located in the Excluded Territory and will fill this purchase order with Aspartame manufactured using the Daesang Process.

NutraSweet filed this declaratory judgment action to obtain a judicial construction of Section 2.3 of the License Agreement vis-à-vis the export, sale and delivery of Aspartame manufactured using the Daesang Process into the Excluded Territory. We believe that the allegations sufficiently set forth a case or controversy because NutraSweet has already taken action to export Aspartame manufactured using the Daesang Process into the Excluded Territory. Furthermore, Ajinomoto has an established history of litigation with the former owner of the Daesang Process, Daesang Corporation, regarding its export of Aspartame into certain countries located within the Excluded Territory.

Mr. Matthew D. Slater
June 13, 2005
Page 2

However, if it is Ajinomoto's position that the export, sale and delivery into the Excluded Territory of Aspartame manufactured in Korea using the Daesang Process does not constitute a breach or default in performance of any provision of the License Agreement by NutraSweet, please advise us of that position in writing. Upon receipt of Ajinomoto's written confirmation of this position, NutraSweet will voluntarily dismiss its complaint without prejudice.

Please do not hesitate to contact me if wish to discuss this matter further.

Sincerely,

David F. Wentzel

cc:  Bernard S. Kramer, Esq.
     Steven P. Handler, Esq.
     James L. Holzman, Esq.

CH99 4483956-1.058468.0018